IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLIE WHALEY,                                              CV 05-90-KI

        Petitioner,                                    OPINION AND ORDER

   v.

OREGON DEPT. OF CORRECTIONS,
BRIAN BELLEQUE,

        Respondent.

   THOMAS J. HESTER
   Assistant Federal Public Defender
   101 S.W. Main Street, Suite 1700
   Portland, Oregon 97204

       Attorney for Petitioner

   HARDY MYERS
   Attorney General
   LESTER R. HUNTSINGER
   Assistant Attorney General
   Department of Justice
   1162 Court Street NE
   Salem, OR  97301-4096

       Attorneys for Respondents

KING, Judge:

   Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, petitioner's amended habeas corpus petition (Doc. #7) is DENIED.

1 - OPINION AND ORDER

## BACKGROUND

On May 22, 1989, following a jury trial, petitioner was convicted of first-degree rape and first-degree kidnaping in Multnomah County. He was sentenced to an indeterminate 20 years in prison, with a 10-year minimum on the rape conviction, and a consecutive 10-year term of imprisonment on the kidnaping conviction. Resp. Ex. 101. However, petitioner's kidnaping conviction was vacated by this court in October 1998. See Whaley v. Thompson, 22 F. Supp. 2d 1146 (D. Or. Sep. 30, 1998).

In this proceeding petitioner does not attack his conviction. Instead, he challenges the Oregon Board of Parole and Post-Prison Supervision's (the Board) decisions regarding his parole conditions, parole revocation, and revocation of good time credits.

Petitioner was initially released to parole in August 2000, following a state habeas corpus proceeding. Resp. Ex. 103 at 22A, 23; Doc. # 37 at 12. Several special conditions of parole were imposed, such as that petitioner must have no contact with minors, must not frequent places where minors are likely to congregate, must complete an approved sex offender treatment program, must submit to electronic monitoring, must not use computers or the internet, must not date without prior written approval, and must have no contact with Carolyn Flores, whom

2 - OPINION AND ORDER

petitioner married while incarcerated.  Doc. # 37 at 14, 20, 22, 27-28.  Petitioner did not seek judicial review of the terms of his parole.

In October 2000, the Board found petitioner violated the terms of his parole by failing to abide by his parole officer's direction and failing to enter an approved sex offender treatment program.  Doc. # 37 at 18.  The Board imposed a local sanction of 8-days in jail.  Resp. Ex. 116 at 47-53.

In February 2001, petitioner again violated the conditions of his parole by having contact with minors and failing to complete an approved sex offender treatment program.  Resp. Ex. 116 at 55.  Following a hearing, the Board imposed a 75-day local sanction against petitioner for violating these conditions.  oc. # 37 at 30-34; see also Morrissey v. Brewer, 408 U.S. 471 (1972)(minimal due process requirements for parole revocation include a preliminary inquiry to determine probable cause and a revocation hearing).  This sanction was affirmed on administrative review, July 17, 2001.  Doc. # 37 at 35-39.

In January 2002, the Board revoked petitioner's parole following a hearing, wherein petitioner was found to have violated the conditions of his parole prohibiting him from being in contact with minor females, frequenting places where minors are likely to be present, dating without permission, and staying

3 - OPINION AND ORDER

the night at an unapproved location.  Resp. Ex. 116 at 57-58; Doc. #37 at 40-47.

On April 3, 2002, the Board imposed a sanction of 189 days in prison for "new criminal activity."  Doc. # 37 at 58. Petitioner sought administrative review of this action, claiming the Board had no basis to impose many of the parole conditions in the first place.  Resp. Ex. 102.  However, review was denied as untimely because petitioner did not challenge the conditions of his parole at the time they were initially imposed.  Id. at 57-74, 89, 90.

After being re-paroled in April 2002, the Board revoked petitioner's parole a second time in June 2002, for, *inter alia*, failing to abide by the curfew, and for maintaining a prohibited relationship with Carolyn Flores, who had control over minor children.  Resp. Ex. 116 at 83-90.  The Board imposed a sanction of 113 days in prison, without first holding a hearing.[1] Petitioner's good time credits were automatically forfeited pursuant to ORS 421.120(5), with an adjusted good time date set at July 10, 2006.  Resp. Ex. 116 at 83-90, 139; Doc. #37 at 67.

---

[1] There is a conflict in the record regarding whether petitioner actually waived his right to a Morrissey hearing on this occasion.  The waiver form indicates that he did not (Doc. # 37 at 71), but the parole officer told the Board the form was in error because he remembered petitioner waiving his right to the hearing.  Doc. # 37 at 73.

Petitioner was re-released on September 19, 2002. After administrative review was denied, petitioner sought parole review of the Board's June 2002 action in the Oregon Court of Appeals (Resp. Exs. 104, 115), which dismissed as moot both of petitioner's motions for relief (Res. Exs. 111, 121). The Oregon Supreme Court denied review on September 28, 2004. Resp. Ex. 123.

In the mean time, petitioner's parole was again revoked on January 10, 2003 for having a relationship with a woman without the consent of his parole officer, failing to maintain an accurate driving record, changing his employment status without the prior permission of his parole officer, failing to truthfully answer all reasonable inquiries of a community correction agency, and failing to abide by the direction of his parole officer. Doc. # 37 at 128-35. Following a future disposition hearing the Board denied petitioner re-release on parole, requiring him to serve the remaining 43 months of his sentence in prison. Doc. # 37 at 140-16. Good time credits were automatically forfeited under ORS 421.120(5).

On November 30, 2004, petitioner filed an original petition for habeas corpus relief with the Oregon Supreme Court, which denied review on December 21, 2004. Resp. Ex. 113, 114.

Petitioner filed his amended federal habeas corpus petition (Doc. # 7) in this court on March 1, 2005, in which he raises four claims. First, petitioner alleges his due process rights were violated when the Board revoked his parole in June 2002, and a <u>Morrissey</u> hearing was denied. Second, petitioner contends five years of good time credits were wrongly forfeited, without a hearing, for an unsubstantiated allegation of "new criminal activity." Third, petitioner claims an *ex post facto* violation occurred when good time credits were forfeited for technical parole violations. Fourth, petitioner contends the terms of parole were unlawful.

Respondent avers petitioner is not entitled to habeas corpus relief because his claims are moot and procedurally defaulted. According to respondent, petitioner's ground one is moot because petitioner already served the sanction for the June 2002 parole violation, was re-released, and his parole was again revoked in 2003. Thus, petitioner is not currently imprisoned due to the June 2002 revocation. Further, respondent contends that petitioner's grounds two, three, and four were unexhausted and therefore procedurally defaulted.

I concur with respondent, and DENY petitioner's amended petition for habeas corpus relief.

**DISCUSSION**

**I.   Mootness**

   **A.   Legal Standards**

A claim which fails to present an active case or controversy is moot under Article III, Section 2, of the U.S. Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 7 (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).

In habeas corpus proceedings, the petitioner traditionally attacks the legality of his custody and seeks to secure his release. Preiser v. Rodriquez, 411 U.S. 475, 484 (1973). However, once a habeas petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained." Spencer, 523 U.S. at 7. The petitioner must either demonstrate injury-in-fact or fall within categories of cases where collateral consequences are presumed.

Once a prisoner has been paroled, courts will presume collateral consequences sufficient to preclude the mootness bar

7 - OPINION AND ORDER

if a prisoner challenges the validity of his conviction. Id. at 10; Sibron v. New York, 392 U.S. 40, 55 (1968). Such a presumption is justified because criminal convictions carry with them a host of civil disabilities, such as a defendant's inability to engage in certain businesses, to vote, or to serve as a juror. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).

Collateral consequences will not be presumed where a habeas petitioner challenges a sentence he has served, a prison disciplinary proceeding, or a parole board finding that he has violated parole. United States v. Palomba, 182 F. 3d 1121, 1123 (9th Cir. 1999); Wilson v. Terhune, 319 F. 3d 477, 481 (9th Cir. 2003); Spencer, 523 U.S. at 14. The possibility that a parole revocation could be used to the petitioner's detriment in a future parole proceeding where prior revocation is only one factor, among many, that would be considered is also insufficient to demonstrate injury-in-fact. Id. at 14.

**B.   Ground One**

In petitioner's ground one he alleges his due process rights were violated when parole was revoked in June 2002 without a Morrissey hearing. As a result of this violation, a 113-day sanction was imposed and good-time credits were forfeited. After serving this sanction petitioner was re-released on September 19, 2002. His parole was again revoked in January 2003.

According to respondent, regardless of whether petitioner's rights were violated, petitioner's challenge is moot because he served the 113-day sanction, was re-paroled, and then re-imprisoned in January 2003. Thus, respondent argues that although petitioner is currently in custody, his custody is due to a subsequent parole violation which he does not challenge in this habeas corpus petition, rendering any alleged violation in June 2002 moot. I concur.

Since petitioner is not challenging the validity of his conviction in the instant action, and since he has served his sanction for the June 2002 parole violation, he does not enjoy a presumption of collateral consequences. Petitioner argues that he suffered collateral consequences from the June 2002 parole revocation insofar as it was a "significant factor in the revocation of parole in April 2003 that resulted in a 43-month sanction, because the revocation constituted an 'aggravating factor' in the decision to revoke and deny release and restoration of good time credits...". Doc. # 36 at 22. While the June 2002 parole violation may well have been a significant factor in the Board's decision to deny further parole consideration, it was but one factor, among many, that the Board could have based its decision on, and therefore insufficient to demonstrate injury-in-fact. See ORS 144.343(2)(b); OAR 255-075-0096. The Board could also have relied on "aggravating" factors,

9 - OPINION AND ORDER

such as petitioner's other prior parole revocation (in January 2002); a prior Board reprimand (in October 2000), revocation hearing, or like difficulty on present parole; less than three months on parole before his first difficulty; or, repetition of the type of conduct associated with the commitment offense or past conditions.  See Parole Board Rules, Ex. H; Resp. Ex. 103 at 22A; Resp. Ex. 116 at 47-53, 57-58.

Accordingly, petitioner cannot overcome the mootness bar with respect to ground one.

## II.  Procedural Default

### A.   Legal Standards

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  See 28 U.S.C. § 2254(b)(1).  To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum (see Casey v. Moore, 386 F.3d 896, 911 (9th Cir. 2004)(petitioner must raise his claims on every level of direct review, not merely on discretionary review to the state's highest court)); (2) through the proper vehicle (see Castille v. Peoples, 489 U.S. 346, 351

10 - OPINION AND ORDER

(1989)(claims must be raised in a procedural context in which their merits will be considered); (3) by providing the proper factual and legal basis for the claim (see Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000)(petitioners must make the federal basis of claims explicit either by citing federal constitutional provisions, statutes, or case law, or by labeling them "federal").

When a state prisoner has failed to exhaust his federal claims in a state court and the state court would now find the claims procedurally barred under applicable state rules, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Coleman v. Thompson, 501 U.S. 722 (1991).

### B. Remaining Grounds for Relief

In petitioner's grounds two and three he contends good time credits were wrongly taken, without a hearing, based on an unsubstantiated allegation of "new criminal activity," and that the Board's application of ORS 421.120(5)(automatic forfeiture of good time credits) to him constituted an *ex post facto* application of the law. In petitioner's ground four he claims the conditions of his parole were illegal because the Board

11 - OPINION AND ORDER

lacked authority to restrict him from seeing his wife, minor stepsons, and adult daughter.

According to respondent, these claims are procedurally defaulted. I concur.

After petitioner's parole was revoked in January 2002, the Board held a future disposition hearing in April 2002 and imposed a sanction of 189 days based on a finding of "new criminal activity while under parole supervision." Resp. Ex. 103 at 54. The Board denied petitioner's request for administrative review, which notably did not raise the issue of forfeiture of good time credits but challenged only the conditions of his parole and alleged that the charge of new criminal activity was in error. Resp. Ex. 103 at 56, 58.

In January 2003, petitioner applied for review to the Oregon Court of Appeals, but only argued that the special terms of his parole were unlawful. Resp. Ex. 104. After petitioner's parole was again revoked in January 2003, the Board denied re-release in April 2003, and the superintendent moved to dismiss review as moot on the basis that petitioner was no longer subject to the terms of parole. Resp. Ex. 110. Petitioner did not oppose the motion, which the Oregon Court of Appeals granted on April 30, 2004. Resp. Ex. 111. Petitioner did not appeal the dismissal to the state's highest court. Instead, petitioner filed a *pro se* original petition for habeas corpus to the Oregon Supreme Court,

12 - OPINION AND ORDER

in which he raised, *inter alia*, the "new criminal activity" issue and the challenge to the terms of his parole, but not the *ex post facto* claim. Resp. Ex. 113. The Oregon Supreme Court denied review on September 28, 2004. Resp. Ex. 123.

Petitioner's contention that the Oregon Supreme Court decided his petition for habeas corpus on the merits is incorrect. A denial of review by the Oregon Supreme Court does not amount to a decision on the merits. See Kellotat v. Cupp, 719 F.2d 1027, 1031 (9th Cir. 1983), citing 1000 Friends of Oregon v. Bd. of County Comm'rs, 584 P.2d 1371, 1372-73 (Or. 1978) (per curiam). The Oregon Supreme Court may, in its own discretion, take original jurisdiction in habeas corpus proceedings; however, the court exercises its discretionary jurisdiction in habeas proceedings only to resolve conflicts in precedent or to decide questions of public import. See Or. Const. art. VII, § 2 (amended 1910); see also Kellotat, 719 F.2d at 1031. Even if petitioner had raised all three of his remaining claims in his original petition for habeas corpus, which he did not, presentation of claims to a state's highest court on discretionary review, without more, does not constitute a "fair presentation" of the claims and therefore does not satisfy the exhaustion requirement. See Castille, 489 U.S. at 351; see also Turner v. Compoy, 827 F.2d 526, 528 (9th Cir. 1987) (stating that if the state mandates a particular procedure to be

13 - OPINION AND ORDER

used when seeking relief, presentation of an issue to the state's highest court via a statutorily deviating path will not exhaust state remedies), cert. denied, 489 U.S. 1059 (1989).

Since petitioner had only 60 days after the issuance of the Board's order (on September 10, 2003) to seek judicial review, under ORS 144.335, it is clear that no state remedies remain available to him. Therefore his claims under grounds two, three and four are now exhausted. See Coleman, 501 U.S. at 732; see also Kellotat, 719 F.2d at 1029. Nevertheless, he is barred from raising these claims in federal court because they are procedurally defaulted, and petitioner has failed to demonstrate cause for the default and actual prejudice as a result of the alleged violation, or that failure to consider the claims will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; see also Batchelor v. Cupp, 693 F.2d 859, 862 (1982), cert. denied, 463 U.S. 1212 (1983).

Accordingly, petitioner's grounds two, three and four are procedurally defaulted.

///

///

///

14 - OPINION AND ORDER

## **CONCLUSION**

Based on the foregoing, petitioner's amended habeas corpus petition (Doc. # 7) is DENIED.

IT IS SO ORDERED.

DATED this ___14th___ day of July, 2006.

                                           /s/ Garr M. King
                                           Garr M. King
                                           United States District Judge