IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLIE WHALEY,                                          CV 05-90-KI

        Petitioner,                              OPINION AND ORDER

  v.

OREGON DEPT. OF CORRECTIONS,

        Respondent.

    THOMAS J. HESTER
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    HARDY MYERS
    Attorney General
    LESTER R. HUNTSINGER
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301-4096

        Attorneys for Respondents

KING, Judge:

    On July 3, 2008 the Ninth Circuit Court of Appeals issued a mandate (#47), reversing and remanding this Court's dismissal (#43) of Petitioner's original Petition for Habeas Corpus relief (#2), filed pursuant to 28 U.S.C. § 2254.

    On July 18, 2008 I granted Petitioner's Motion for Expedited Consideration (#48) and Respondent's Unopposed *Nunc Pro Tunc*

1 - OPINION AND ORDER

Motion for Leave to Reply on the Merits Following the Ninth Circuit's Remand (#50) because on July 27, 2008 Petitioner will reach his maximum supervision date and will no longer be subject to the conditions from which he seeks relief.

Pursuant to the Ninth Circuit's mandate, this Court is directed to consider the merits of Petitioner's "constitutional challenge to his parole conditions...". Petitioner framed his claim on appeal as follows:

> Whether the Oregon Board of Parole denied Mr. Whaley's Due Process rights when it imposed unlawful and unconstitutional conditions of supervision after Mr. Whaley partially prevailed in his initial federal habeas and his wife established a website maintaining his innocence and protesting his treatment by Oregon's Parole Board.

In his Opening Brief before the Ninth Circuit, Petitioner referred to dozens of parole conditions, but singled out as unconstitutional the conditions prohibiting: (1) contact with minor males; (2) contact with Petitioner's wife, Carolyn Flores, the mother of two boys; and (3) development of a personal website, in addition to owning, using or operating a computer. According to Petitioner, these conditions are arbitrary because they do not relate to his conviction for raping a woman.

For the reasons stated in Respondents' Reply (#49) I find these conditions were imposed for permissible purposes, and that they are reasonably related to those purposes. Accordingly, I

deny Petitioner's constitutional challenge to his parole conditions, on the merits.

### CONCLUSION

Based on the foregoing, petitioner's amended habeas corpus petition (Doc. # 7) is DENIED.

IT IS SO ORDERED.

DATED this 25 day of July, 2008.

*Malcolm F Marsh*
Malcolm F. Marsh for Garr M. King
United States District Judge

3 - OPINION AND ORDER